## SUPREME COURT.

### SCHADLE agt. CHASE.

Although a person cannot be *arrested* more than once by process out of different courts in the same state, for the same cause of action, the rule does not apply where the first process is absolutely *void* by reason of want of authority on the part of the court or officer who issued it.

Schadle agt. Chase.

Neither the marine court of the city of New-York, nor any of its judges, possess any power to issue an order of arrest under section 179 of the Code.

Where the defendant received as agent or attorney of the plaintiff, a specific sum of money for the specific purpose of paying it over to a certain insurance company, for interest and insurance due to them by the plaintiff, and while the money was in the defendant's hands, the plaintiff demanded it back, and the defendant refused to pay it back, on the ground that the plaintiff had agreed in consideration of the performance of certain conditions by a third person, which was then in progress, the defendant might pay a portion of the money to such third person, and that by paying the money back to the plaintiff it would be violating such agreement, and the plaintiff thereupon procured an order of arrest for the defendant;

*Held*, that although the defendant might not have acted in bad faith, or was guilty intentionally of any breach of trust, yet he was legally bound to refund the money to the plaintiff when he demanded it; he was merely the agent of the plaintiff, who had a right to dispense with such agency at any time. Motion to discharge arrest denied.

*New - York Special Term, October,* 1858.

MOTION to vacate order of arrest. The facts will sufficiently appear in the opinion.

CLERKE, Justice. A person cannot undoubtedly be arrested more than once by process out of different courts in the same state, for the same cause of action; but this maxim does not apply where the first process is absolutely void by reason of want of authority on the part of the court or officer who issued it. The marine court, in the case under consideration, had jurisdiction of the subject matter of the action, but neither the court nor any of its judges, possess any power to issue an order of arrest under section 179 of the Code; and it was under the second subdivision of that section, that the judge of the marine court issued the order, by virtue of which the defendant was first arrested. On reference to section eight of the Code, it will be seen that the last eleven titles of the second part of the Code apply exclusively to actions in the supreme court, and other courts expressly enumerated; among which the marine court is not mentioned. The order was, therefore, null and void, and the plaintiff had a right on discontinuing his action in the marine court to institute one here,

and to obtain a new order of arrest from a judge of this court. The only question therefore is, do the facts and circumstances of the case, entitle him to the order ? It is admitted by the defendant that he received as agent or attorney of the plaintiff, the sum of $274.50, for the specific purpose of paying it to the Mutual Insurance Company for interest and insurance, due to them by the plaintiff. This was the precise amount due by him to the company. But the defendant alleges that after he received this amount, the plaintiff agreed if Mr. Sandford, his attorney in an action pending in the supreme court, would pro- cure an order in that court, allowing the application of certain moneys deposited therein, to the payment of the claim of the Mutual Insurance Company, that the plaintiff would allow to Mr. Sandford the amount of his bill out of the money in the defendant's hands. Afterwards, however, and while Mr. Sand- ford was taking the necessary steps to procure the order in the supreme court, the plaintiff called upon the defendant and de- manded that he should refund the money which he had de- posited with him to pay the insurance company. This the defendant refused, on the ground that the plaintiff had made the agreement with Mr. Sandford, and in consequence of this refusal, he has been arrested in this action.

Although I do not believe the defendant acted in bad faith, or was guilty intentionally of any breach of trust, yet I think he was legally bound to refund the money to the plaintiff whenever he demanded it. The defendant was not a stake- holder, he was under no legal liability to retain the money, either for Mr. Sandford or the insurance company ; he was merely the agent of the plaintiff, who had a perfect right to reclaim his money at any time before it was actually paid over to either of them. He had a right to dispense with the agency and services of the defendant in the premises at any time ; and if he neglected to satisfy the claim of the insurance company, or violate his agreement with Mr. Sandford, he alone and not the defendant, was amenable to them. The defendant was only the custodian of the fund, he was in no respect a party to

the agreement with Mr. Sandford, and certainly had not incurred any legal obligation to the insurance company.

It appears that the receipt which the defendant first drew on receiving the money from the plaintiff, specified the purpose to which it should be applied, with the words, "*subject only to his fees and disbursements.*" The plaintiff positively swears that these words were erased on his objecting to them, before the receipt was delivered to him ; while the defendant as positively swears that they were retained, and that the plaintiff must have erased them afterwards. However this may be, it is quite clear that the money consisted of the precise sum due to the insurance company, and that it was deposited with the defendant for that purpose alone. The designated words therefore, seem to be quite at variance with the purpose for which the money was intrusted to the defendant. At the time the plaintiff demanded the restoration of the money, the defendant did not place his refusal on the ground that he had any lien upon it; but purely on the ground that he would be acting " wrongly to Mr. Sandford and to the insurance company," by surrendering it.

The defendant, consequently, under no aspect of the case was legally justified in withholding the money, and as he received it as an agent, he has made himself liable to arrest under the second division of section 179 of the Code, for not restoring it to his principal, when he demanded it.

The motion to vacate the order of arrest, must be denied, but as I do not think the defendant was guilty of bad faith, I will not allow costs.